UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6311-Cr-HUCK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CLARENCE LARK, et al.

      Defendant.

_____/

### GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Comes now the United States hereby files its proposed jury instructions, reserving the right to submit additional instructions.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
MICHAEL J. DITTOE
Assistant United States Attorney
Court ID #: A5500209
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida  33394-3002
Telephone: (954) 356-7392
Facsimile: (954) 356-7230

By: _____
TERRENCE THOMPSON
Assistant United States Attorney
Court ID #: A5500063
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida  33394-3002
Telephone: (954) 356-7392
Facsimile: (954) 356-7230



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing, including attachments, was served by hand delivery in open Court this 17ᵗʰ day of MAY , 2001, upon:

Donald I. Bierman, Esq
Bierman, Shohat, Loewy & Klein, P.A.
800 Brickell Avenue, PH-2
Miami, FL 33131

(305) 358-7000
Attorney for Lark

Paul D. Lazarus, Esq.
800 Brickell Ave., PH-2
Miami, FL 33131

(305) 539-0606
Attorney for Crenshaw

Guy Speigelman, Esq.
28 W. Flagler St.,
Ste. 400
Miami, FL 33131

(305) 373-6634
Attorney for McHome

Bruce H. Lehr, Esq.
1401 Brickell Ave.,
Ste. 810
Miami, FL 33131

(305) 377-1777
Attorney for Seymore

William J. Cone, Jr., Esq.
514 S.E. Seventh St.
Ft. Lauderdale, FL 33301

(954) 764-0570
Attorney for Newton

MICHAEL J. DITTOE
Assistant United States Attorney

TERRENCE THOMPSON
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6311-Cr-HUCK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CLARENCE LARK, et al.,

      Defendant.

_____/

## JURY INSTRUCTIONS

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the indictment.

Eleventh Circuit Pattern Jury Instructions (1997)
Basic Instruction No. 1

1

## Introduction to Offense Instructions

At this time I will explain the indictment which charges separate offenses called "counts." I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

Count one charges the Defendant's Clarence Lark and Larry Crenshaw with conspiracy to violate the Racketeer, Influenced and Corrupt Organizations (RICO) statute.

Count two charges the Defendants Clarence Lark, Curtis Newton, and Lawrence Seymore with conspiracy to import cocaine and marijuana into the United States.

Count three charges the Defendants Clarence Lark, Curtis Newton, Ricardo McHorne and Lawrence Seymore with conspiracy to distribute cocaine and marijuana.

Count four charges the Defendants Clarence Lark, and Larry Crenshaw with conspiracy to launder money.

Counts 6-13 charge the Defendant Clarence Lark with money laundering.

Counts 14-16 charge the Defendant Larry Crenshaw with money laundering.

Count 36 charges the Defendant Ricardo McHorne with possession of cocaine with the intent to distribute.

Count 37 charges the Defendant Lawrence Seymore with using a telephone to facilitate drug trafficking.

Count 42 charges the Defendant Curtis Newton with importation of cocaine.

Count 43 charges the Defendant Curtis Newton with possession of cocaine with the intent to distribute.

First, however, as to Counts 1-4, you will note that the Defendants are not charged in those Counts with committing a substantive offense; rather, they are charged with having conspired to do so.

Government's Proposed Instruction No. 1

Court's Instruction No. _____

Authority: Eleventh Circuit Pattern Jury Instructions No. 8 (1997)

3

## On or About-Knowingly-Willfully

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

Government's Proposed Instruction No. 2

Court's Instruction No. _____

Authority: <u>Eleventh Circuit Pattern Jury Instructions</u>
            No. 9.1 (1997)

4

## Deliberate Ignorance
## (As Proof of Knowledge)

When knowledge of the existence of a particular fact is an essential part of an offense, such knowledge may be established if the Defendant is aware of a high probability of its existence, unless the Defendant actually believes that it does not exist.

In other words, you may find that a Defendant acted "knowingly" if you find beyond a reasonable doubt either: (1) that the Defendant actually knew that he accepted money derived from drug trafficking; or (2) that he deliberately closed his eyes to what he had every reason to believe was the fact.

I must emphasize, however, that the requisite proof of knowledge on the part of the Defendant cannot be established by merely demonstrating that the Defendant was negligent, careless or foolish.

Government's Proposed Instruction No. 3

Court's Instruction No. _____

Authority: <u>Eleventh Circuit Pattern Jury Instructions</u> No. 8
            (1997)(Modified)

5

## Caution - Punishment
## (Multiple Defendants - Multiple Counts)

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. Also, the case of each Defendant should be considered separately and individually. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense or any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

Government's Proposed Instruction No. 4

Court's Instruction No. _____

Authority: Eleventh Circuit Pattern Jury Instructions
         No. 10.4(1997)

6

## Accomplice-Co-Defendant
## Plea Agreement

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

In this case the Government called as one of its witnesses a person named as a co-Defendant in the indictment, with whom the Government has entered into a plea agreement providing for the possibility of a lesser sentence than the witness would otherwise be exposed to. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court. However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a witness has plead guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.

Government's Proposed Instruction No. 5

Court's Instruction No. _____

Authority: <u>Eleventh Circuit Pattern Jury Instructions</u>
          No. 1.2(1997)

7

## Accomplice-Addictive
## Drug-Immunity

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a witness who was using addictive drugs during the time he or she testified about may have an impaired memory concerning the events that occurred during that time. Also, a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

Government's Proposed Instruction No. 6

Court's Instruction No. _____

Authority: <u>Eleventh Circuit Pattern Jury Instructions</u>
        No. 1.3(1997)

8

## Confession-Statement
## (Multiple Defendants)

When the Government offers testimony or evidence that a Defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such a statement with caution and great care.

It is for you to decide (1) whether the Defendant made the statement and (2) if so, how much weight to give to it. In making these decisions you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

Of course, any such statement should not be considered in any way whatever as evidence with respect to any other Defendant on trial.

Government's Proposed Instruction No. 7

Court's Instruction No. _____

Authority: <u>Eleventh Circuit Pattern Jury Instructions</u>
          No. 2.2(1997)

## Similar Acts Evidence
## (Rule 404(B), F.R.E.)

During the course of the trial, as you know from the instructions I gave you then, you heard evidence of acts of the Defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the Defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the Defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment and whether the Defendant acted according to a plan or in preparation for commission of a crime.

Government's Proposed Instruction No. 8

Court's Instruction No. _____

Authority: <u>Eleventh Circuit Pattern Jury Instructions</u>
            No. 4 (1997)

## Aiding and Abetting · (Agency)
## 18 USC § 2

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt

that the Defendant was a willful participant and not merely a

knowing spectator.

Government's Proposed Instruction No. 9

Court's Instruction No. _____

Authority: <u>Eleventh Circuit Pattern Jury Instructions</u>
            No. 7 (1997)

## Rico Conspiracy Offense
## 18 USC § 1962(d)

The defendant's Clarence Lark and Larry Crenshaw are charged in Count One with conspiracy to violate the provisions of the Racketeering Influence and Corrupt Organizations (RICO) statute.

Title 18, United States Code, Section 1962(c), makes it a Federal crime or offense for anyone who is associated with an "enterprise" engaged in, or the activities of which affect, interstate commerce, to participate in conducting the affairs of the enterprise through a "pattern of racketeering activity."

The Defendants named in Count one of the indictment - - the conspiracy count - - are not charged in that Count with violating Section 1962(c); rather, they are charged with knowingly and willfully conspiring to violate that law, the alleged conspiracy itself being a separate crime or offense in violation of Section 1962(d).

So, under that law a "conspiracy" is a combination or agreement of two or more persons to join together to attempt to accomplish an offense that would be in violation of Section 1962(c). It is a kind of "partnership in criminal purposes" in which each member becomes the agent of every other member.

The evidence in the case need not show that the alleged members of the conspiracy entered into any express or formal agreement; or that they directly discussed between themselves the details of the scheme and its purpose, or the precise ways in which the purpose was to be accomplished. Neither must it be

13

proved that <u>all</u> of the persons charged to have been members of
the conspiracy were such, <u>nor</u> that the alleged conspirators
actually succeeded in accomplishing their unlawful objectives.

What the evidence in the case <u>must</u> show beyond a reasonable
doubt is:

<u>First</u>:    That two or more persons, in some
way or manner, came to a mutual
understanding to try to accomplish
a common and unlawful plan, namely,
to engage in a "pattern of
racketeering activity" as charged
in the indictment; and

<u>Second</u>:    That the Defendant knowingly and
willfully became a member of such
conspiracy; and

<u>Third</u>:    That at the time the Defendant
knowingly and willfully agreed to
join in such conspiracy, the
Defendant did so with the specific
intent either to personally
participate in the commission of
two "racketeering acts," as
elsewhere defined in these
instructions, <u>or</u> that the Defendant
specifically intended to otherwise
participate in the affairs of the
"enterprise" with the knowledge and
intent that other members of the
conspiracy would commit two or more
"racketeering acts" as a part of a
"pattern of racketeering activity."

A person may become a member of a conspiracy without full
knowledge of all of the details of the unlawful scheme or the
names and identities of all of the other alleged conspirators.
So, if a Defendant has an understanding of the unlawful nature of
a plan and knowingly and willfully joins in that plan on one
occasion, that is sufficient to convict for conspiracy even

14

though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

You are further instructed that you must unanimously agree concerning each defendant under consideration as to which of the Racketeering Acts the defendant conspired to commit.

Government's Proposed Instruction No. 10

Court's Instruction No. _____

Authority: <u>Eleventh Circuit Pattern Jury Instructions</u>
          No. 61.2 (1997)

15

## Rico-Definitions

The term "enterprise" includes any labor union.

The term "racketeering activity" includes any of the following acts:

A.    The importation into the United States of America of cocaine and marijuana, and conspiracy to do so, in violation of indictable under, Title 21, United States Code, Sections 952 and 963.

B.    The possession with the intent to distribute cocaine and marijuana, and conspiracy to do so, in violation of and indictable under, Title 21, United States Code, Section 841 and 846.

C.    The laundering of money derived from a specified unlawful activity, that is the sale of cocaine and marijuana and conspiracy to do so, in violation of and indictable under, Title 18, United States Code, Sections 1956 and 1957.

D.    The interference with interstate and foreign commerce by means of extortion, and conspiracy to do so, that is, the unlawful demand for money from union members under the threat of economic loss, in violation of and indictable under, Title 18, United States code, Section 1951.

E.    Acts involving extortion, that is the unlawful demand for money from union members by malicious threats, chargeable under Florida State Statute Title 46, Section 836.05.

In order to find a "pattern of racketeering activity" for

16

purposes of count 1, you must find beyond a reasonable doubt that the defendant agreed that some members of the conspiracy would commit at least two acts of racketeering as described in Count 1. You must also find that those acts were in some way related to each other and that there was continuity between them.

Acts are related to each other if they are not isolated events, that is, if they have similar purposes, or results or participants, or victims, or are committed a similar way, or have other similar distinguishing characteristics or are part of the affairs of the same enterprise.

There is continuity between acts if, for example, they are ongoing over a substantial period of time, or had the potential to continue over a substantial period, or had the potential to continue over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.

For purposes of Count 1, the government does not have to prove that any racketeering acts were actually committed at all, or that the defendant agreed to personally commit any such acts.

Interstate commerce includes the movement of money, goods, services or persons from one state to another or between another country and the United States. This would include the entering into of contractual relationships with businesses involved in interstate or foreign commerce. If you find that beyond a reasonable doubt that the actions of the union affected in any degree the movement of money, goods or services across state lines, then interstate commerce was engaged in or affected.

17

The government need only prove that the union as a whole engaged in interstate commerce or that its activity affected interstate commerce to any degree, although proof that racketeering acts did affect interstate commerce meets that requirement. The government need not prove that a defendant engaged in interstate commerce or that the acts of a defendant affected interstate commerce.

Government's Proposed Instruction No. 11

Court's Instruction No. _____

Authority: <u>Seventh Circuit Pattern Jury Instructions</u>
            p. 318 and p. 324 (1999) (Modified)

18

## Money Laundering Conspiracy

The defendants Clarence Lark and Larry Crenshaw are charged in Count four with conspiracy to engage in money laundering:

Title 18, United States Code, Section 1956(h), makes it a separate Federal crime or offense for anyone to conspire or agree with someone to launder criminally derived property. So, under this law, a "conspiracy" is an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is <u>not</u> necessary for the Government to prove that all of the people named in the indictment were members of the scheme; <u>or</u> that those who <u>were</u> members had entered into any formal type of agreement; <u>or</u> that the members had planned together <u>all</u> of the details of the scheme or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense is the making of the agreement itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

> <u>First</u>:   That two or more persons, in some
> way or manner, came to a mutual

19

understanding to try to accomplish
a common and unlawful plan, as
charged in the indictment;

<u>Second</u>:   That the Defendant, knowing the
unlawful purpose of the plan,
willfully joined in it;

A person may become a member of a conspiracy without knowing all of the details of the unlawful scheme, and without knowing who all of the other members are. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

Government's Proposed Instruction No. 12

Court's Instruction No. _____

Authority: <u>Eleventh Circuit Pattern Jury Instructions</u>
          No. 11.1 (1997) (Modified)

20

## Money Laundering Conspiracy
## Multiple Objects

In this instance, with regard to the alleged money laundering conspiracy, the indictment charges that the Defendants conspired to: 1) Conduct a financial transaction with the intent to promote an unlawful activity; 2) Conduct a financial transaction to conceal and disguise the source of funds, and; 3) To engage in a monetary transaction in criminally derived property of a value greater than $10,000. It is charged, in other words, that they conspired to commit three separate, substantive crimes or offenses.

In such a case it is not necessary for the Government to prove that the Defendant under consideration willfully conspired to commit all of those substantive offenses. It would be sufficient if the Government proves, beyond a reasonable doubt, that the Defendant willfully conspired with someone to commit one of those offenses; but, in that event, in order to return a verdict of guilty, you must unanimously agree upon which of the three offenses the Defendant conspired to commit.

Government's Proposed Instruction No. 13

Court's Instruction No. _____

Authority: Eleventh Circuit Pattern Jury Instructions
No. 11.2 (1997) (Modified)

21

## Controlled Substances
## (Conspiracy)

Title 21, United States Code, Sections 846 and 963 make it a
separate Federal crime or offense for anyone to conspire or agree
with someone else to do something which, if actually carried out,
would be a violation of Section 841(a)(1)and Section 952(a).
Section 841(a)(1) makes it a crime for anyone to knowingly
possess cocaine or marijuana with intent to distribute it.
Section 952(a) makes it a crime for anyone to knowingly import
cocaine or marijuana into the United States from some place
outside the United States. The defendants Clarence Lark, Curtis
Newton and Lawrence Seymore are charged in Count three with
conspiracy to import controlled substances and the same
defendants, together with the defendant Ricardo McHorne, are
charged with conspiracy to distribute controlled substances.

So, under the law, a "conspiracy" is an agreement or a kind
of "partnership in criminal purposes" in which each member
becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is <u>not</u>
necessary for the Government to prove that all of the people
named in the indictment were members of the scheme, <u>or</u> that those
who <u>were</u> members had entered into any formal type of agreement.
Also, because the essence of a conspiracy offense is the making
of the scheme itself, it is not necessary for the Government to
prove that the conspirators actually succeeded in accomplishing
their unlawful plan.

22

What the evidence in the case _must_ show beyond a reasonable doubt is:

First:    That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment; and

Second:    That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it.

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy. Also, a person who has no knowledge of a

conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

You must unanimously agree on which controlled substances, if any the defendants conspired to distribute or import. If you find beyond a reasonable doubt that a defendant either conspired to import or conspired to distribute a controlled substance, then you must also determine whether the government has proved beyond a reasonable doubt that the mixture and substance containing a detectable amount of cocaine weighed more than five kilograms and whether the government has proved beyond a reasonable doubt that the mixture and substance containing a detectable amount of marijuana weighed more than 1000 kilograms of marijuana.

Government's Proposed Instruction No. 14

Court's Instruction No. _____

Authority: <u>Eleventh Circuit Pattern Jury Instructions</u>
            No. 75 (1997)

24

## Controlled Substances
## (Unlawful Use of Communications Facility)

Title 21, United States Code, Section 843(b), makes it a separate Federal crime or offense for anyone to knowingly use a communication facility in committing, or "facilitating" the commission of, another offense such as the crime of narcotics conspiracy. The Defendant Lawrence Seymore is charged with this offense in Count 39.

The Defendant can be found guilty of the offense of unlawful use of a communication facility as charged in Count 39 only if all of the following facts are proved beyond a reasonable doubt:

First:      That the Defendant used a
            "communication facility," as
            charged;

Second:     That the Defendant used the
            communication facility while in the
            process of committing, or to
            "facilitate" the commission of,
            narcotics conspiracy; and

Third:      That the Defendant acted knowingly
            and willfully.

The term "communication facility" includes all mail, telephone, wire, radio, and computer-based communication systems.

To "facilitate" the commission of a crime merely means to use a communication facility in a way which aids or assists the commission of the crime. The Government does not have to prove,

however, that the other crime - - the facilitated offense - - was successfully carried out or completed.

Government's Proposed Instruction No. 15

Court's Instruction No. _____

Authority: <u>Eleventh Circuit Pattern Jury Instructions</u>
            No. 74 (1997)

26

## Controlled Substances
## (Possession with Intent to Distribute)

Title 21, United States Code, Section 841(a)(1), makes it a Federal crime or offense for anyone to possess a "controlled substance" with intent to distribute it.  The defendant Ricardo McHorne is charged with this offense in Count 36 and the defendant Curtis Newton is charged with this offense in Count 43

Cocaine is a "controlled substance" within the meaning of the law.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>:     That the Defendant knowingly and
            willfully possessed cocaine as
            charged; and

<u>Second</u>:    That the Defendant possessed the
            substance with the intent to
            distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

If you find beyond a reasonable doubt that the defendant is guilty of possession of cocaine with the intent to distribute it, then you must also determine whether the Government has proved beyond a reasonable doubt that the mixture ans substance

27

containing a detectable amount of cocaine weighed five kilograms

or more.

Government's Proposed Instruction No. 16

Court's Instruction No. _____

Authority: <u>Eleventh Circuit Pattern Jury Instructions</u>
         No. 73 (1997)

## Controlled Substances

Title 21, United States Code, Section 952(a), makes it a Federal crime or offense for anyone to knowingly import any controlled substance into the United States.  The defendant Curtis Newton is charged with this crime in Count 42.

Cocaine is a controlled substance within the meaning of the law.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:    That the Defendant imported cocaine into the United States from a place outside thereof, as charged; and

Second:    That the Defendant did so knowingly and willfully.

To "import" a substance means to bring or transport that substance into the United States from some place outside the United States.  The offense of importation is a continuing offense and is not completed until the drugs reach their final destination.

If you find beyond a reasonable doubt that the defendant is guilty of importing cocaine, then you must also determine whether the Government has proved beyond a reasonable doubt that the

29

mixture and substance containing a detectable amount of cocaine

weighed five kilograms or more.

Government's Proposed Instruction No. 17

Court's Instruction No. _____

Authority: <u>Eleventh Circuit Pattern Jury Instructions</u>
           No. 78 (1997) (modified)

## Money Laundering

Title 18, United States Code, Section 1956(a)(1)(A), makes it a Federal crime or offense for anyone to knowingly engage in certain kinds of financial transactions commonly known as money laundering. The defendant Clarence Lark is charged with this crime in Counts 6-13.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:     That the Defendant knowingly
           conducted, or attempted to conduct,
           a "financial transaction" as
           hereafter defined;

Second:    That the Defendant knew that the
           funds or property involved in the
           financial transaction represented
           the proceeds of some form of
           unlawful activity;

Third:     That the funds or property involved
           in the financial transaction did in
           fact represent the proceeds of
           "specified unlawful activity" - -
           in this case the proceeds of drug
           trafficking; and

Fourth:    That the Defendant engaged in the
           financial transaction with the
           intent to promote the carrying on
           of such specified unlawful activity
           or with the intent to hide or
           disguise the nature and origin of
           the illegal funds.

The term "conducts" means initiating, concluding, or participating in initiating or concluding a transaction.

The term "transaction" means a purchase, sale, loan, pledge,

31

gift, transfer, delivery or other disposition of funds or property; and, with respect to a financial institution, includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, or use of a safe deposit box.

The term "financial transaction" means a transaction involving the use of a "financial institution" which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree. The term "financial institution: includes banks and credit unions.

The term "interstate or foreign commerce" includes any commercial activity that involves transportation or communication between places in two or more states or between some place in the United States and some place outside the United States.

The term "knowing that the funds or property involved in the financial transaction represented the proceeds of some form of unlawful activity" means that the Defendant knew that such funds or property represented proceeds from <u>some</u> form, though not necessarily <u>which</u> form, of a felony offense under state or Federal law. The term "specified unlawful activity" means drug trafficking.

Government's Proposed Instruction No. 18

Court's Instruction No. _____

Authority: <u>Eleventh Circuit Pattern Jury Instructions</u>
            No. 60.1 (1997)

32

### Engaging in Monetary Transactions
### in Property Derived from Specified
### Unlawful Activity

Title 18, United States Code, Section 1457 makes it a crime to engage in a monetary transaction in property denial from criminal Acts. The defendant Larry Crenshaw charged with this crime in Counts 14-16 of the Indictment.

The defendant can be found guilty of that offense only if all the following facts are proved beyond a reasonable doubt.

First, that the defendant knowingly conducted the monetary transaction set forth in the indictment;

Second, that the monetary transaction was of a value greater than $10,000 and was derived from narcotics trafficking;

Third, that the defendant knew that the monetary transaction involved the proceeds of a criminal offense; and

Fourth; the monetary transaction in someway or degree affected interstate commerce, such as being made at a financial institution which was itself engaged in interstate commerce.

Government's Proposed Instruction No. 19

Court's Instruction No. _____

Authority: <u>Eight Circuit Pattern Jury Instructions</u>
            No. 6.18 (1957)(Modified)

33

## Duty to Deliberate

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not five up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges- judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Government's Proposed Instruction No. 20

Court's Instruction No. _____

Authority: <u>Eleventh  Circuit Pattern Jury Instructions</u>
            No. 11.1 (1997)

34

## Verdict

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.